UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUMBO INTERNATIONAL TRUST, <br> f/k/a Joniback Management Trust, <br><br> *Plaintiff*, <br><br> v. <br><br> WARTBURG ENTERPRISES, INC., <br><br> *Defendant*. | § § § § § § § § § § § | CIVIL ACTION H-10-4860 |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiff Bumbo International Trust's, formerly known as Joniback Management Trust, motion to remand. Dkt. 2. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Plaintiff Bumbo International Trust ("Bumbo") is a South African company that sells a line of children's products. Dkt. 2. Bumbo alleges that defendant Wartburg Enterprises, Inc. ("Wartburg") is a Florida corporation with its principal place of business in Texas. Dkt. 1, Exh. 1. According to Bumbo's petition, Wartburg has been a distributor of Bumbo's products in the United States since 2003. *Id.* As Bumbo's distributor, Wartburg would place orders with Bumbo, and Bumbo would ship the products. *Id.* Bumbo typically sent invoices with the shipments. *Id.* Wartburg would distribute the products to retailers and then pay the invoices within 60 days of the date on the invoices. *Id.* In or around September 2009, Wartburg allegedly stopped making payments on the invoices. *Id.* Bumbo therefore sued Wartburg for breach of contract. *Id.* Bumbo brought the claim in the 9th Judicial District of Montgomery County, and Wartburg removed the case to this court. Dkt. 1.

## II. ANALYSIS

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Wartburg alleges that the court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states (or countries). For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c). Additionally, a diversity action is only removable "if none of the parties in interest properly joined is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The burden of proving that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.* ("*De Aguilar II*"), 47 F.2d 1404, 1408 (5th Cir. 1995). "Any ambiguities should be . . . strictly construed in favor of remand." *Manguno* v. *Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Bumbo claims that Wartburg's removal was improper under § 1441(b) because Wartburg's principal place of business is in Texas. Dkt. 2. Wartburg asserts that it is a "citizen" of Florida and that, under the "nerve center" test, its principal place of business is in South Africa, not Texas. Thus, it claims it is not a citizen of Texas and that section 1441(b) does not preclude removal.

The court does not need to engage in an analysis to determine where Wartburg's "nerve center" is because the removal was inappropriate whether Wartburg's principal place of business is in Texas or South Africa. If Wartburg's principal place of business is in Texas, removal was improper under § 1441(b). If Wartburg's principal place of business is in South Africa, removal was improper under § 1441(*a*). Under section 1441(a), an action is not removable unless the district court has original jurisdiction. 29 U.S.C. § 1441(a). There is no allegation that the court has subject matter jurisdiction under 28 U.S.C. § 1331. And, there is no diversity jurisdiction under 28 U.S.C. § 1332 if both companies are "citizens" of South Africa. For the purposes of both section 1332 and

2

1441, "a corporation shall be deemed to be a *citizen* of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 1332(c)(1) (emphasis added). Wartburg is, under its own allegations, a "citizen" of both Florida and South Africa. Since Bumbo is also a citizen of South Africa, complete diversity does not exist. Accordingly, the court does not have original jurisdiction, and removal was improper.

Wartburg also points out that there is a parallel case between the same parties pending in the United States District Court for the Southern District of Texas (Judge Harmon's court) in which Bumbo asserts that diversity jurisdiction exists. Dkt. 6. In the parallel case, which is styled *Jonibach Management Trust v. Wartburg Enterprises, Inc. (Jonibach)*, No. 4:10-cv-600, Bumbo, which was formerly known as Jonibach Management Trust, originally filed its complaint in federal court, alleging diversity jurisdiction. Bumbo alleged that it is a South African company and that Wartburg is a South Floridian company that is based in Texas. *Jonibach*, Dkt. 1. Under these jurisdictional allegations, which are the same as the Bumbo's jurisdictional allegations in this case, the parties are diverse. While it was proper to *bring* the *Jonibach* case in federal court because the parties are completely diverse, it was improper to *remove* this case, which was *brought in state court,* because, even though the parties are diverse, one of the defendants is (allegedly) a "citizen" of Texas, making the case unremovable under § 1441(b).

### III. CONCLUSION

In sum, if Wartburg's principal place of business is in South Africa, as alleged by Wartburg, then removal was improper under 28 U.S.C. § 1441(a). If Wartburg's principal place of business is in Texas, as alleged by Bumbo, then removal was improper under 28 U.S.C. § 1441(b). Thus, under either party's version of the jurisdictional facts, this case must be remanded to state court. The court accordingly **GRANTS** Bumbo's motion to remand (Dkt. 2) and **REMANDS** this case to the 9th Judicial District of Montgomery County, Texas. Bumbo's request for attorneys' fees is **DENIED.**

It is so ORDERED.

Signed at Houston, Texas on January 13, 2011.

Gray H. Miller
United States District Judge